MARTÍNEZ, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.—Motion for Dismissal.

No. 3044.—Decided May 7, 1923.

APPEAL—TRANSCRIPT—DELAY OF STENOGRAPHER.—The delay of the stenographer which does not prejudice the appellant, referred to in Section 3 of Act No. 27 of 1917, as amended by Act No. 81 of 1919, is delay occurring after the expiration of the time allowed for preparing the transcript of the evidence, but within the extension or extensions granted by the court. If the time is allowed to expire without taking any action, the right is lost, unless a new term, as distinguished from an extension, is moved for and granted according to law.

The facts are stated in the opinion.

*Mr. S. Suau* for the appellant.
*Mr. J. Vendrell* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moved for the dismissal of the appeal on the ground that the transcript was not filed within the time allowed by law and the appellant opposed the motion. The record shows that judgment was rendered on February 26, 1923, and the appeal was taken on March 26, 1923. The appellant elected to have the stenographer prepare the transcript of the evidence. The stenographer was allowed twenty days and after this time had expired he informed the court at the request of the appellant on April 18th that he had been unable to prepare the transcript and asked for an extension. The court denied the request. The appellant filed a motion for reconsideration and the court reaffirmed its decision, citing the cases of *Mercado et al.* v. *Succession of Ferreiro,* 26 P. R. R. 433, and *Viera & Co.,* v. *Reyes,* 28 P. R. R. 74.

That being the case, the thirty days allowed by law for filing the transcript of the record in the office of the secretary of this court having expired, a period which is computed from the date of the notice of appeal when, as in this case, there is no statement of the case, the appeal must be dismissed.

But the appellant insists that the record shows only delay on the part of the stenographer and that in accordance with Act No. 81 of 1919, such delay can not prejudice him.

Both the former law on the matter, Act No. 27 of 1917, and also Act No. 81 of 1919 which the appellant cites have been construed by this court adversely to the appellant. See the cases cited by the trial judge.

It is true that section 3 of Act No. 27 of 1917, as amended by section 1 of Act No. 81 of 1919, provides that "in no case shall the delay of the stenographer in preparing the said transcript constitute a legal reason for dismissing an appeal." It is also true that "delay" is defined by Es-

criche as ''the lapse of time after the expiration of the time fixed for the payment or restitution of a thing,'' it being necessary for finding delay on the part of the stenographer, applying similar reasoning, that the time allowed by law for the delivery of the transcript had expired; but considering the words of the statute preceding those transcribed, ''That the terms established herein may be continued by the court as in all other cases; the term established for the preparation of the transcript, on petition of the stenographer or of the appellant, and all other terms, on petition of the latter,'' this court has held that delay of the stenographer which does not prejudice the appellant in any case is that delay which takes place after the time allowed by law has expired, but within the extension or extensions of time that the court may grant. If the time is allowed to expire without any action, the right is lost, unless a new term, and not an extension, is moved for and granted in accordance with the law. In this case an extension was asked for and properly denied.

The appellant's contention being devoid of merit, the appeal must be dismissed for the reason given by the appellee.

*Appeal dismissed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.